UNITED CABLE TELEVISION CORPORATION, Petitioner-Appellant and Cross-Appellee, v. NORTHWEST ILLINOIS CABLE CORPORATION, Respondent-Appellee and Cross-Appellant.

Third District   No. 3—87—0071

Opinion filed October 30, 1987.

Paul W. Schroeder and Luke DeGrand, both of Isham, Lincoln & Beale, of Chicago, and Dwayne I. Morrison, of Barash, Stoerzbach & Henson, of Galesburg (John W. Treece, of counsel), for appellant.

Webber & Thies, P.C., of Urbana (Daniel P. Wurl and Richard L. Thies, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Petitioner, United Cable Television Corporation (United), and respondent, Northwest Illinois Cable Corporation (Northwest), are parties to an agreement of limited partnership known as Northwest Illinois Cable TV Company (Company). The partnership agreement included an arbitration provision which requires the parties to submit a matter to arbitration provided a number of requirements are fulfilled. By a letter dated April 30, 1986, Northwest purported to commence arbitration proceedings against United pursuant to the terms of the partnership agreement. Northwest sought to have three disputes between Northwest and United submitted to arbitration. United then filed this action pursuant to section 2(b) of the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, par. 102(b)), seeking a stay of all arbitration proceedings initiated by Northwest. The trial

court found one of the three disputes cited by Northwest to be subject to arbitration under the terms of the partnership agreement. Thus, United's application for a stay of arbitration was denied as to one issue and granted as to the two remaining issues. Both parties have appealed.

On appeal United contends the trial court erred when finding one of the three disputes between United and Northwest to be arbitrable. Northwest contends that all three disputes should be subject to arbitration.

The arbitration agreement at issue is set forth in section 10(A)(4) of the agreement, which provides in relevant part as follows:

"Arbitration. In the event that the general partners fail to agree on a matter on which their agreement is required affecting the general policy of the Company (other than the incurring of indebtedness by the Company, which shall not be subject to the provisions of this section 10(A)(4)) that would, in the judgment of either general partner, materially and adversely affect the business or prospects of the Company, such matter may be submitted to arbitration \*\*\*."

The arbitration clause appears to be a unique one, since neither party found any authority interpreting the provision. United and Northwest agree that this provision contains three separate requirements, all of which need to be met before a dispute must be submitted to arbitration. The requirements are:

(1) the matter involved in the dispute must be one "affecting the general policy of the Company";

(2) the matter must be one which "would, in the judgment of either general partner, materially and adversely affect the business or prospects of the Company"; and

(3) the dispute must involve a matter on which the "agreement [of the general partners] is required."

Three disputes are at issue between United and Northwest. The three disputes involve (1) the amount of profits to be distributed and or profits to be retained, (2) the proper allocation of investment tax credit, and (3) the maintenance of partnership funds in an account which does not bear interest.

The common element of the three disputes is the "general policy" requirement of the arbitration provision. The agreement of the parties does not define "general policy," thus necessitating that the court supply a definition. The parties could have included a definition of "general policy" in their agreement but did not do so. Because of the view we take with regard to the "general policy" provision, with re-

spect to all three issues, it is unnecessary to discuss the applicability of the remaining requirements.

Neither the distribution of profits, the allocation of investment tax credits, nor the holding of partnership funds in a non-interest-bearing account affects the general policy of the company. The term "general policy" normally refers to a decision-making process as to the course of conduct to be taken by a company with regard to ongoing and future operations. While it is correct that section 8(b) of the partnership agreement authorizes a distribution of profits only if it does not jeopardize the company's sound financial position, this provision does not mean that questions regarding distributions implicate general policy decisions of the company.

Northwest alleges the indebtedness exception included in the agreement indicates a broader construction of the arbitration clause was intended by the parties. Northwest's reading of the partnership agreement and arbitration clause is too broad. Northwest and United agree that the arbitration clause in this case does not fall within the category of the so-called generic arbitration clauses which have been broadly construed by Illinois courts. (*J & K Cement Construction, Inc. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 456 N.E.2d 889.) The parties included the arbitration clause in the agreement to specify which disputes would be subject to arbitration. To expect the drafters to include any and all exceptions would be unrealistic. Under Northwest's unrestricted reading of the arbitration clause, any disagreements between the parties would be subject to arbitration. A clear reading of the arbitration provision indicates the parties did not intend to have every dispute arbitrable. Consequently, because neither the distribution dispute, the allocation of investment tax credit, nor the holding of partnership assets in a non-interest-bearing account affects the general policy of the company, the disputes should not be subject to arbitration.

For the foregoing reasons the judgment of the circuit court of Knox County is reversed in part and affirmed in part and remanded for further proceedings consistent with the views expressed within this opinion.

Affirmed in part; reversed in part and remanded.

BARRY, P.J., and HEIPLE, J., concur.